714 P.2d 476

**The STATE of Arizona, Appellant,**

v.

**Albert Daniel MURPHY, Jr., Appellee.**

**No. 2 CA–CR 4135–4.**

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 29, 1986.

Robert K. Corbin, Atty., Gen., Phoenix, Stephen D. Neely, Pima Co. Atty., Tucson by Richard Nichols, Deputy Co. Atty., for appellant.

Law Offices Pima County Public Defender by Carla Ryan, Asst. Public Defender, Tucson, for appellee.

LIVERMORE, Presiding Judge.

On evidence tending to establish that defendant and another entered a business, demanded money, and ordered a clerk to move as directed, the jury convicted defendant of burglary, acquitted him of kidnapping, and was unable to reach a verdict on robbery. Contending that retrial of the robbery charge would violate double jeopardy, defendant successfully moved for a dismissal of that charge. The state appeals that ruling. We affirm.

Under the doctrine of collateral estoppel as part of constitutional double jeopardy protection, the state is precluded from relitigating against an accused any issue finally resolved against it by a verdict of acquittal. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Preclusion turns on "whether a rational [prior] jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id* at 445, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–76. Our review of this issue is hampered in this case by the failure to transcribe the closing arguments below. Without knowing what the parties invited the jury to decide, it is difficult to determine on what issue the jury grounded its verdict. In any event, we are required to accord the trial court substantial discretion because it heard the evidence and the arguments and was in a position to capture nuances of how the case was tried that are simply not capable of being recaptured from a cold appellate record.

On the evidence presented in this case, the victim was restrained and that restraint was with the intent to aid in the commission of a felony. The only bases on which a rational jury could have acquitted were either that the restraint was accomplished without physical force or intimidation or that it did not substantially interfere with the victim's liberty. Because all questioning of the victim related to whether physical force or the threat of physical force was used and because she disclaimed that it was, we believe the trial judge properly found that the jury acquitted on the kidnapping charge for failure to establish that element. There is nothing in the record to suggest any other basis for the acquittal. That being so, and the evidence of force or threat as to kidnapping also being the only evidence of force or threat for robbery, the trial court correctly ruled that the state was collaterally estopped to relitigate that issue. Dismissal of the robbery charge was, therefore, proper.

Affirmed.

FERNANDEZ and LACAGNINA, JJ., concur.